UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| CHRISTOPHER WILLIS, Individually and For Others Similarly Situated,<br><br>v.<br><br>REAGAN POWER & COMPRESSION, LLC, | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Christopher Willis brings this lawsuit to recover unpaid overtime wages and other damages from Reagan Power & Compression, LLC under the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 201 *et seq.*

2.  Willis and the Straight Time Workers (defined below) regularly worked more than 40 hours a week.

3.  But Reagan did not pay them overtime.

4.  Instead of paying overtime as required by the FLSA, Reagan classified Willis and the Straight Time Workers as independent contractors and paid them the same hourly rate for all hours worked, including those in excess of 40 in a workweek ("straight time for overtime").

5.  This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

6.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper under 28 U.S.C. § 1391(b)(1) as Reagan maintains its headquarters in Gretna, Louisiana, which is in this District and Division.

## PARTIES

8. Willis worked for Reagan as a Welder from approximately July 2019 through October 2019.

9. Throughout his employment, Reagan paid him straight time for overtime and classified him as an independent contractor.

10. In fact, Reagan was Willis' employer, and Willis was Reagan's employee.

11. Willis' written consent to be a party plaintiff is attached as Exhibit 1.

12. Willis brings this FLSA collective action on behalf of himself and all other similarly situated workers who Regan classified as independent contractors and paid according to its straight time for overtime policy.

13. Reagan paid each of these workers the same hourly rate for all hours worked, including those in excess of 40 in a workweek in violation with the FLSA.

14. The collective of similarly situated employees sought to be certified is defined as:

> **All individuals employed by, or working on behalf of, Reagan who were classified as independent contractors and paid straight time for overtime at any time during the past 3 years ("Straight Time Workers").**

15. The Straight Time Workers can be readily ascertained from Reagan's records.

16. Reagan may be served with process by serving its registered agent: **CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816**.

## COVERAGE UNDER THE FLSA

17. At all relevant times, Reagan has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all relevant times, Reagan has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

19. At all relevant times, Reagan has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Reagan has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, badges, uniforms, and personal protective equipment – that have been moved in or produced for commerce.

20. In each of the last 3 years, Reagan has had annual gross volume of sales made or business done of at least $1,000,000.

21. At all relevant times, Willis and the Straight Time Workers were engaged in commerce or in the production of goods for commerce.

22. Reagan treated Willis and the Straight Time Workers as employees.

23. Reagan dictated the pay practice applied to Willis and the Straight Time Workers.

24. Reagan's misclassification of Willis and the Straight Time Workers as independent contractors does not alter their status as "employees" under the FLSA.

25. Reagan applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

26. By paying Willis and the Straight Time Workers straight time for overtime, Reagan violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

27. As a result of Reagan's straight time for overtime pay plan, Willis and the Straight Time Workers do not receive overtime as required by the FLSA.

## FACTUAL ALLEGATIONS

28. Reagan provides power generation, compression, and pumping packages.

29. To complete its business objectives, Reagan hires workers such as Willis and the Straight Time Workers.

30. Reagan classifies Willis and the Straight Time Workers as "independent contractors."

31. But Reagan does not hire these workers on a project-by-project basis.

32. Rather, Reagan hires and treats these workers just like regular, even if sometimes short term, employees.

33. Many of these individuals worked for Reagan and were paid straight time for overtime.

34. These workers make up the proposed collective of Straight Time Workers.

35. For example, Willis worked for Reagan as a Welder from approximately July 2019 through October 2019.

36. As a Welder, Willis welded and repaired metal structures, tools, and equipment.

37. Willis did not have any supervisory duties.

38. Willis did not hire for fire employees.

39. Willis did not exercise discretion and judgment as to matters of significant.

40. Willis was a blue-collar worker.

41. Throughout his employment, Reagan classified him as an independent contractor and paid him straight time for overtime.

42. Reagan paid Willis and the Straight Time Workers according to its straight time for overtime pay scheme.

43. Reagan paid Willis and the Straight Time Workers by the hour.

44. Reagan did not pay Willis and the Straight Time Workers on a salary basis.

45. If Willis and the Straight Time Workers did not work, they did not get paid.

- 5 -

46. Willis' work schedule is typical of the Straight Time Workers.

47. Willis and the Straight Time Workers worked the schedule set by Reagan and/or its clients.

48. The schedule set by Reagan and/or its clients effectively prohibited Willis and the Straight Time Workers from working other jobs for other companies while working on jobs for Reagan.

49. Willis and the Straight Time Workers often work more than 10 hours a day, for as many as 7 days in a week, for weeks at a time.

50. Reagan knows Willis and the Straight Time Workers work for 10 or more hours a day, for as many as 7 days a week.

51. Reagan's records reflect the fact that Willis and the Straight Time Workers regularly work in excess of 40 hours in certain workweeks.

52. Willis and the Straight Time Workers do not receive overtime for hours worked in excess of 40 in any of those weeks.

53. Instead, Willis and the Straight Time Workers are paid straight time for overtime.

54. Without the job performed by Willis and the Straight Time Workers, Reagan would not be able to complete its business objectives.

55. Willis and the Straight Time Workers relied on Reagan for work and compensation.

56. Willis and the Straight Time Workers cannot subcontract out the work they are assigned by Reagan.

57. Willis and the Straight Time Workers must follow Reagan's and/or its clients' policies and procedures.

58. Willis and the Straight Time Workers' work must adhere to the quality standards put in place by Reagan and/or its clients.

59. Willis and the Straight Time Workers did not substantially invest in the tools required to complete the overall job to which they were assigned.

60. Willis and the Straight Time Workers did not market their services while employed by Reagan.

61. Willis and the Straight Time Workers did not incur operating expenses like rent, payroll, marketing, and/or insurance.

62. At all relevant times, Reagan and/or its clients maintained control, oversight, and direction of Willis and the Straight Time Workers, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

63. Reagan controls Willis and the Straight Time Workers' pay.

64. Likewise, Reagan and/or its clients control Willis and the Straight Time Workers' work.

65. Willis and the Straight Time Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

66. Reagan and/or its clients set these workers' schedules and compensation; supervises them; requires them to adhere to strict guidelines, directive, and its (or its clients') policies and procedures.

67. Reagan controls Willis and the Straight Time Workers' opportunities for profit and loss by dictating the hours they work and the rates they are paid.

68. While working for Reagan, Reagan controlled all the significant or meaningful aspects of the job duties Willis and the Straight Time Workers perform.

69. Reagan exercises control over the hours and locations Willis and the Straight Time Workers work, the tools and equipment they use, and the rates of pay they receive.

70. Even though Willis and the Straight Time Workers work away from Reagan's offices without the constant presence of Reagan supervisors, Reagan still controls significant aspects of their job activities by enforcing mandatory compliance with its (or its clients') policies and procedures.

71. The daily and weekly activities of Willis and the Straight Time Workers are routine and largely governed by standardized plans, procedures, and checklists.

72. All the Straight Time Workers perform similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities they perform.

73. All the Straight Time Workers work similar hours and are denied overtime as a result of the same illegal pay practice.

74. All the Straight Time Workers work in excess of 40 hours each week.

75. Reagan uniformly denies Willis and the Straight Time Workers overtime for the hours they work in excess of 40 hours in a single workweek.

76. Neither Willis nor any of the other Straight Time Workers ever received guaranteed weekly compensation irrespective of the hours or days worked.

77. Reagan's straight time policy violates the FLSA because it deprives Willis and the Straight Time Workers of overtime for the hours they work in excess of 40 hours in a single workweek.

78. Reagan knew, or showed reckless disregard for whether, the Straight Time Workers were not exempt from the FLSA's overtime provisions.

79. Reagan did not pay Willis and the Straight Time Workers overtime.

80. Reagan knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

81. The Straight Time Workers were victimized by Reagan's pattern, practice, and/or policy which is in willful violation of the FLSA.

82. Other Straight Time Workers worked with Willis and indicated they were paid in the same manner (straight time for overtime) and performed similar work.

- 8 -

83. Based on his experience at Reagan, Willis knows Reagan's illegal practices were imposed on other Straight Time Workers.

84. The Straight Time Workers are similarly situated in all relevant respects.

85. The Straight Time Workers are blue-collar workers.

86. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

87. The illegal straight time policy that Reagan imposed on Willis was likewise imposed on the other Straight Time Workers.

88. All the Straight Time Workers were victimized by Reagan's pattern, practice, and policy which is in willful violation of the FLSA.

89. Like Willis, the Straight Time Workers are denied overtime when they work more than 40 hours in a week.

90. The overtime owed to Willis and the Straight Time Workers will be calculated using the same records and the same formula.

91. Willis' experiences are therefore typical of the experiences of the Straight Time Workers.

92. The specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

93. Willis has no interest contrary to, or in conflict with, the Straight Time Workers that would prevent class or collective treatment.

94. Like each Straight Time Worker, Willis has an interest in obtaining the unpaid overtime wages owed under federal law.

95. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

96. Absent a collective action, many Straight Time Workers will not obtain redress of their injuries and Reagan will reap the unjust benefits of violating the FLSA.

97. Further, even if some of the Straight Time Workers could afford individual litigation against Reagan, it would be unduly burdensome to the judicial system.

98. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Straight Time Workers, as well as provide judicial consistency.

99. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

100. Among the common questions of law and fact are:

   a. Whether Reagan employed the Straight Time Workers within the meaning of the FLSA;

   b. Whether Reagan's decision to pay straight time for overtime to these workers was made in good faith;

   c. Whether Reagan's violation of the FLSA was willful; and

   d. Whether Reagan's illegal straight time pay practice applied to the Straight Time Workers.

101. Willis and the Straight Time Workers sustained damages arising out of Reagan's illegal and uniform employment policy.

102. Consistent with Reagan's illegal straight time policy, Willis and the Straight Time Workers were not paid overtime when they worked more than 40 hours in a workweek.

103. As part of its regular business practices, Reagan intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Willis and the Straight Time Workers.

104. Reagan's illegal straight time policy deprived Willis and the Straight Time Workers of the premium overtime wages they are owed under federal law.

105. There are many similarly situated Straight Time Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

106. Those similarly situated employees are known to Reagan, are readily identifiable, and can be located through Reagan's records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

107. Reagan violated, and is violating, the FLSA by failing to pay Willis and the Straight Time Workers overtime.

108. Reagan misclassified the Plaintiff and Straight Time Workers as contractors.

109. Reagan failed to pay the Plaintiff and Straight Time Workers overtime.

110. Reagan paid the Plaintiff and Straight Time Workers straight time for overtime.

111. Reagan knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Straight Time Workers overtime compensation.

112. Reagan's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

113. Accordingly, Willis and the Straight Time Workers are entitled to overtime wages in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

## JURY DEMAND

114. Willis demands a trial by jury.

## PRAYER

WHEREFORE, Willis, individually, and on behalf of the Straight Time Workers respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Straight Time Workers;

b. A judgment against Reagan awarding Willis and the Putative Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. Issuance of a declaratory judgment that Reagan's practices violate the FLSA;

d. An order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Philip Bohrer
**Philip Bohrer** (#14089)
phil@bohrerbrady.com
**Scott E. Brady** (#24976)
scott@bohrerbrady.com
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
225-925-5297 – Telephone
225-231-7000 – Facsimile

**AND**

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor A. Jones**
Texas Bar No. 24017823
*(Pro Hac Vice Forthcoming)*
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

- 12 -

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com